UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TATIANA PLUMLEY

  Plaintiff,

v.          CASE NO.:

SIZZLING PLATTER, LLC
d/b/a LITTLE CAESARS,

  Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff TATIANA PLUMLEY (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant SIZZLING PLATTER, LLC d/b/a LITTLE CAESARS (hereinafter "Defendant"), and states the following:

## NATURE OF CASE

1. This is a claim by Plaintiff against her former employer for violations of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (collectively "Title VII"), and the Florida Civil Rights Act §§ 760.01-760.11, Florida Statutes ("FCRA"). As a result, and for the violation of Plaintiff's rights to be free from sexual harassment, gender discrimination, and retaliation, Plaintiff seeks to recover front pay, back pay, an equal amount as liquidated damages,

reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled, including but not limited to, equitable relief.

## PARTIES

2. Plaintiff was hired by Defendant in or around May 2019.

3. At the time of her termination in January 2021, Plaintiff worked for Defendant as a Crew Member.

4. Defendant owns, controls, and operates a Little Caesars pizza franchise in the state of Florida including the location where Plaintiff was employed.

## JURISDICTION & VENUE

5. Jurisdiction of this matter arises pursuant to 28 U.S.C. §1331 with federal questions involving Title VII. An express grant of federal court jurisdiction over this federal claim is found in Title VII at 42 U.S.C.§2000e-5(f)(3).

6. This Court has supplemental jurisdiction over Plaintiff's state law claims.

7. The acts and omissions giving rise to this action occurred in Orlando, Florida.

8. Defendant conducts business in Orlando, Florida.

9. Plaintiff was employed with Defendant in Orlando, Florida.

10. Defendant was an employer as defined by the laws under which this action is brought and employs greater than 15 employees.

11. This is an action at law raises a federal question under federal law.

12. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

13. Venue is proper in because the illegal conduct occurred within the judicial district in and for this District.

## STATUTORY PREREQUISITES

14. Plaintiff is a female individual who suffered sexual harassment, and discrimination based on her gender, and retaliation.

15. Plaintiff is a member of a class of individuals protected by Title VII and the FCRA.

16. Plaintiff was qualified for her position of employment as a Crew Member.

17. The Defendant meets the statutory criteria for coverage as an "employer" under Title VII and the FCRA.

18. Plaintiff meets the statutory criteria for coverage as an "employee" under Title VII and the FCRA.

19. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on June 4, 2021.

20. Plaintiff filed an Amended Charge of Discrimination with the EEOC on September 28, 2021.

21. The EEOC issued a Notice of Right to Sue on December 27, 2021.

22. Plaintiff brings this suit within ninety (90) days of receipt of her Notice of Right to Sue.

23. Additionally, Plaintiff has complied with all other requirements and all other prerequisites prior to bringing this lawsuit.

24. Plaintiff has satisfied all administrative prerequisites to perfect her claim.

## FACTUAL ALLEGATIONS

25. Plaintiff began her employment with Defendant in May of 2019.

26. Plaintiff is a female.

27. Plaintiff was a long-term employee of Defendant with no significant disciplinary or performance issues.

28. Plaintiff was in good standing as an employee.

29. Plaintiff was subjected to continuous sexual harassment by a co-worker, Juan de Leon.

30. On December 18, 2020, Ms. Plumley (who was a minor at the time) was sexually harassed and sexually assaulted by de Leon.

31. Specifically, de Leon put his hand in her back pocket, grabbing her butt and pulled her close to him.

32. Ms. Plumley immediately reported this incident to the general manager of the location who assured her that they would investigate the matter, including reviewing security camera footage.

33. No investigation was conducted.

34. Within a few days of her complaint, the Company asked that Ms. Plumley work another shift with the same supervisor that she complained about.

35. Ms. Plumley's father assisted her in contacting Human Resources and filing a police report regarding the incident.

36. Human Resources then assured Ms. Plumley that she would no longer have to work with that supervisor.

37. Despite HR's assurances, de Leon would wait outside the location after his shifts were completed and continued his sexually harassing behavior toward Plaintiff.

38. This continued harassment triggered Ms. Plumley's Post Traumatic Stress Disorder and caused her to have a panic attack.

39. This panic attack resulted in her missing a shift.

40. The Company then terminated Ms. Plumley for allegedly abandoning her workstation.

41. Defendant's reason for termination was pre-textual.

42. Defendant treated individuals outside of Plaintiff's protected class more favorably.

43. Prior to complaining of sexual harassment, Plaintiff had no substantive performance or disciplinary issues.

## COUNT I
## GENDER DISCRIMINATION IN VIOLATION TITLE VII

44. Plaintiff realleges and adopts allegations contained in paragraphs 1-43, as though fully stated herein.

45. Plaintiff is a member of a protected class because she is female.

46. At all material times, Plaintiff was qualified to perform her job duties.

47. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under Title VII because it treated Plaintiff less favorably because of her gender.

48. Defendant did not subject the male employees to discriminatory treatment.

49. Plaintiff suffered an adverse employment action when she was terminated.

50. The discrimination to which Plaintiff was subjected was based on her gender.

51. Defendant does not have a legitimate, non-discriminatory reason for discharging the Plaintiff.

52. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

53. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

54. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses.

55. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff respectfully requests entry of:

a. judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

b. require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through an award of back pay;

    c.    require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

    d.    compensatory damages;

    e.    judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

    f.    judgment interest, and, if applicable, post-judgment interest;

    g.    reasonable attorneys' fees and litigation expenses against Defendant; and

    h.    any additional relief that this Court deems just.

## COUNT II
## GENDER DISCRIMINATION IN VIOLATION OF FCRA

56.    Plaintiffs realleges and adopts all allegations contained within paragraphs 1-43 as though fully stated herein.

57.    Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

58.    Defendant discriminated against Plaintiff based on her gender.

59.    Defendant engaged in unlawful employment practices prohibited by the FCRA by discriminating against Plaintiff as set forth above.

60.    Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

61. At all material times, Plaintiff was qualified to perform her job duties.

62. Defendant discriminated against Plaintiff because of her gender.

63. Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

64. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Injunctive relief;

    f. Prejudgment interest;

    g. Costs and attorney's fees; and

    h. Such other relief as the Court may deem just and proper.

## COUNT III
## SEXUAL HARASSMENT OF PLAINTIFF
## IN VIOLATION OF TITLE VII

65. Plaintiff realleges and adopts all allegations contained within paragraphs 1-43, as though fully stated herein.

66. Plaintiff was subjected to continuance unwelcome, offensive, and harassing sexually discriminatory conduct during her employment with Defendant, which was perpetuated upon her by Plaintiff's supervisors, and this conduct was based upon and directed at Plaintiff by reason of her gender.

67. Plaintiff noticed Defendant, through its management, which was otherwise aware of the sexually harassing and discriminatory conduct, but Defendant failed to take any appropriate corrective actions.

68. This sexually harassing and discriminatory conduct was sufficiently severe and pervasive as to unreasonably interfere with Plaintiff's physical health, work performance and so as to create an intimidating, hostile and offensive work environment.

69. During the times referenced herein, Plaintiff was subject to constant comments regarding Plaintiff's breasts and other sexually explicit commentaries.

70. During the times referenced herein, male employees were allowed to disseminate sexually explicit materials in the workplace to their co-workers, including Plaintiff.

71. Plaintiff was a victim of retaliatory conduct on the part of Defendants. Moreover, this conduct was ongoing and pervasive and constituted a "continuing violation of Plaintiff's rights."

72. During her employment Plaintiff was forced work in a sexual discriminatory and hostile environment. Defendant's management was put on notice of the sexual harassment suffered by Plaintiff and failed to take immediate corrective action, all to Plaintiff's detriment.

73. Defendant's management was aware of the hostile work environment and acquiesced in the environment.

74. Defendant's actions were open and obvious.

75. As a direct and proximate result of Defendant's harassing and hostile sexual environment, Plaintiff suffered great embarrassment, humiliation, and mental and physical anguish.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering;

    e.    Injunctive relief;

    f.    Prejudgment interest;

g.    Costs and attorney's fees; and

h.    Such other relief as the Court may deem just and proper.

## COUNT IV
## SEXUAL HARASSMENT OF PLAINTIFF IN VIOLATION OF FCRA

76.    Plaintiff realleges and adopts all allegations contained within paragraphs 1-43, as though fully stated herein.

77.    Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

78.    Plaintiff was subjected to continuous unwelcome, offensive, and harassing sexually discriminatory conduct during her employment with Defendant, which was perpetuated upon her be Defendants and Plaintiff's supervisors, and this conduct was based upon and directed at Plaintiff by reason of her gender.

79.    Plaintiff noticed Defendant, through its management, which was otherwise aware of the sexually harassing and discriminatory conduct, but Defendant failed to take any appropriate corrective actions.

80.    This sexually harassing and discriminatory conduct was sufficiently severe and pervasive as to unreasonably interfere with Plaintiff's physical health, work performance and so as to create an intimidating, hostile and offensive work environment.

12

81. During the times referenced herein, Plaintiff was subject to constant comments regarding Plaintiff's breasts and other sexually explicit commentaries.

82. During the times referenced herein, male employees were allowed to disseminate sexually explicit materials in the workplace to their co-workers, including Plaintiff.

83. Plaintiff was a victim of retaliatory conduct on the part of Defendants. Moreover, this conduct was ongoing and pervasive and constituted a "continuing violation of Plaintiff's rights.

84. During her employment Plaintiff was forced work in a sexual discriminatory and hostile environment. Defendant's management was put on notice of the sexual harassment suffered by Plaintiff and failed to take immediate corrective action, all to Plaintiff's detriment.

85. Defendant's management was aware of the hostile work environment and acquiesced in the environment.

86. Defendant's actions were open and obvious.

87. As a direct and proximate result of Defendant's harassing and hostile sexual environment, Plaintiff suffered great embarrassment, humiliation, and mental and physical anguish.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

  a. Back pay and benefits;

  b. Interest on back pay and benefits;

  c. Front pay and benefits;

  d. Compensatory damages for emotional pain and suffering;

  e. Injunctive relief;

  f. Prejudgment interest;

  g. Costs and attorney's fees; and

  h. Such other relief as the Court may deem just and proper.

## COUNT V
## RETALIATION IN VIOLATION OF TITLE VII

88. Plaintiff realleges and adopts allegations contained in paragraphs 1-43, as though fully stated herein.

89. Plaintiff engaged in statutorily protected activity when she complained to Defendant regarding the discriminatory behavior and sexual harassment against her.

90. Plaintiff suffered an adverse employment action when she was subjected to unfounded discipline and ultimately terminated.

91. A causal connection exists between the protected activity and the adverse action.

92. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against retaliation under Title VII because it treated Plaintiff less favorably because of her complaints of sexual harassment.

93. Defendant does not have a legitimate, non-discriminatory reason for its firing of Plaintiff.

94. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

95. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

96. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses.

97. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff respectfully requests entry of:

a. judgment that the retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

b. require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through an award of back pay;

c. require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

d. compensatory damages;

e. judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

f. judgment interest, and, if applicable, post-judgment interest;

g. reasonable attorneys' fees and litigation expenses against Defendant; and

h. any additional relief that this Court deems just.

## COUNT VI
## RETALIATION IN VIOLATION OF FCRA

98. Plaintiffs reincorporate and adopt all allegations contained within paragraphs 1-43, as though fully stated herein.

99. Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

100. At all material times, Plaintiff was qualified to perform her job duties.

101. Defendant retaliated against Plaintiff because of her complaints about sexual harassment.

102. Plaintiff engaged in a protected activity by making numerous verbal and written complaints to Defendant regarding sexual harassment.

103. Defendant engaged in unlawful employment practices prohibited by the FCRA by retaliating against Plaintiff as set forth above.

104. The above retaliation was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering;

    e.    Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this __24th___ day of March, 2022.

> Respectfully submitted,
> s/ Edward W. Wimp
> Edward W. Wimp, Esquire – LEAD COUNSEL
> FBN: 1015586
> Email: ewimp@theleachfirm.com
>
> Anthony Hall, Esquire
> FBN: 0040924
> Email: ahall@theleachfirm.com
>
> THE LEACH FIRM, P.A.
> 631 S. Orlando Ave., Suite 300
> Winter Park, FL 32789
> Telephone: (407) 574-4999
> Facsimile: (833) 813-7513
>
> Attorneys for Plaintiff